UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

JEFFREY PODESTA and
STREET SEARCH, LLC

                                    Plaintiffs,

v.                                                Civil Action No. 3:17-cv-266

JOHN F. HANZEL, ESQUIRE;
JOHN F. HANZEL, P.A. ATTORNEYS AT LAW;
JOHN P. SCAFIDI;
HONEYWOOD ENERGY, LLC (et. al.),

                                    Defendants.

---

**DEFENDANTS JOHN F. HANZEL, ESQUIRE AND**
**JOHN F. HANZEL, P.A. ATTORNEYS AT LAW**
**MOTION TO DISMISS 12(b) 6**

Defendants John F. Hanzel, Esq. and John F. Hanzel, P.A., (hereinafter "Hanzel"), hereby move

to dismiss Plaintiffs' Complaint. In support of their motion, Defendants state as follows:

1.       This is essentially the same action dismissed on May 8, 2015 in the Superior Court of

New Jersey Law Division in Monmouth County docket number MON-L-4448-14.

2.       This action was also brought February 20, 2015 in the Federal District Court for the

Middle District of Pennsylvania, 3:15-cv-375, and was subsequently dismissed on September 10,

2015.

3.       The dismissal was later affirmed on appeal to the 3rd Circuit Court on March 27, 2017.

4.       This claim arises out of certain events occurring in 2013 and is therefore barred by res

judicata as well as by the statute of limitations.

.

## ANSWER TO COMPLAINT

1.      Admitted upon information and belief.

2.      Admitted upon information and belief.  Denied that Street Search, LLC is able to do business in North Carolina.

3.      Admitted upon information and belief.

4.      Admitted.

5.      Admitted.

6.      Admitted upon information and belief.

7.      Defendant without information to form a belief.

8.      Defendant without information to form a belief.

9.      Admitted that Honeywood Energy, LLC is a limited liability company, but the remainder is denied.

10.     Unable to admit or deny.

11.      Unable to admit or deny.

12.     Admitted.

13.     Denied.

14.     Unable to admit or deny.

15.     Unable to admit or deny.

16.     Denied.

17.     Unable to admit or deny.

18.     Unable to admit or deny.

19.     Unable to admit or deny.

20.     Unable to admit or deny.

21. Unable to admit or deny.

22. Denied.

23. Denied.

24. Unable to admit or deny.

25. Denied.

26. Denied.

27. Document speaks for itself, any inference to the contrary is denied.

28. Unable to admit or deny.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Document speaks for itself, any inference to the contrary is denied.

35. Denied.

36. Denied.

37. Unable to admit or deny.

38. Document speaks for itself, any inference to the contrary is denied.

39. Document speaks for itself, any inference to the contrary is denied.

40. Unable to admit or deny.

41. Denied.

42. Denied.

43. Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Email speaks for itself, any inference to the contrary is denied.

54.     Email speaks for itself, any inference to the contrary is denied.

55.     Denied.

56.     Denied.

57.     Without information or belief to admit or deny.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Document speaks for itself, any inference to the contrary is denied.

63.     Document speaks for itself, any inference to the contrary is denied.

64.     Denied.

65.     Unable to admit or deny.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Unable to admit or deny.

71.     Unable to admit or deny.

72.     Unable to admit or deny.

73.     Unable to admit or deny.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     No response necessary, but if one is it is denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     No response necessary, but if one is it is denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     No response necessary, but if one is it is denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     No response necessary, but if one is it is denied.

99.     Denied.

100.    Denied.

101.    No response necessary, but if one is it is denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    No response necessary, but if one is it is denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    No response necessary, but if one is it is denied.

114.    Denied.

115.    Denied.

116.    No response necessary, but if one is it is denied.

117.    Denied.

118.    Denied.

119.    No response necessary, but if one is it is denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

## AFFIRMATIVE DEFENSES

128.    Defendant Hanzel affirmatively alleges that Plaintiffs' own negligence was the sole proximate cause, or alternatively, a proximate cause of the incident that made the basis of this suit and Plaintiffs' damages, if any.

129.    Defendant Hanzel assets that, under North Carolina law, there is no fiduciary relationship Plaintiff and Defendant and Plaintiffs have not pled facts to support a claim

which would give rise to fiduciary duties. As such, Plaintiffs' claim for breach of fiduciary duty against Hanzel fails to state a claim upon which relief may be granted.

130.    Defendant Hanzel asserts that the incident in question was proximately caused by one or more third parties over whom Hanzel had no control or right of control.

131.    Defendant Hanzel asserts that, to the extent Plaintiffs' fraud claim is asserted against Hanzel, generally, Plaintiffs have failed to plead fraud with particularity as required by Rule 9(b) of the North Carolina Rules of Civil Procedure.

132.    Plaintiffs' claims are barred by res judicata.

133.    Plaintiffs' claims are barred by the statute of limitations.


WHEREFORE, these answering Defendants hereby pray the Court as follows:

1.      Plaintiffs take nothing from Defendant Hanzel;

2.      Reasonable attorney's fees and the cost of this action be taxed against Plaintiff;

3.      All other relief that this Court deems just and proper.


This the 4th day of August, 2017.

                        /s/ John F. Hanzel
                        John F. Hanzel, Esquire
                        John F. Hanzel, P.A.
                        19425-G Liverpool Pkwy.
                        Cornelius, NC 28031
                        Tel: 704-892-1375
                        Fax: 704-892-5784
                        jfh@hanzellaw.com
                        NC State Bar No. 6186

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served a copy of the foregoing Answer to Complaint was served on all parties to this action via ECF:

      Michael G. Gibson
      Dean & Gibson, PLLC
      301 S. McDowell Street
      Charlotte, NC  28204

This 4th day of August, 2017.

      /s/ John F. Hanzel
      John F. Hanzel, Esq.
      John F. Hanzel, P.A.
      19425-G Liverpool Pkwy.
      Cornelius, NC 28031
      Tel: 704-892-1375
      Fax: 704-892-5784
      JFH@hanzellaw.com
      NC State Bar No. 6186