UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00266-RJC-DSC

| | | |
|---|---|---|
| JEFFERY PODESTA and STREET SEARCH, LLC | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | ORDER |
| JOHN F. HANZEL and JOHN F. HANZEL, P.A. ATTORNEYS AT LAW, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Strike Defendants' Answer, (Doc. No. 26).

## I. BACKGROUND

Plaintiffs initiated this action by filing a Complaint on May 18, 2017. (Doc. No. 1). On September 12, 2017, Plaintiffs filed an Amended Complaint. (Doc. No. 20). On October 20, 107, Plaintiffs Motioned the Court for Entry of Default when Defendants failed to answer or otherwise respond to their amended complaint. (Doc. No. 23). On October 25, 2017, Defendants John F. Hanzel and John F. Hanzel, P.A. filed an answer to Plaintiffs' amended complaint. (Doc. No. 24). That same day, the Clerk of Court entered Defendants into default. (Doc. No. 25). Plaintiffs now move the Court to strike Defendants' answer. (Doc. No. 26).

## II. LEGAL STANDARD

1

The entry of default is governed by Rule 55 of the Federal Rules of Civil Procedure which provides in relevant part that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Once default is entered, the Court may set aside a party's default for good cause. FED. R. CIV. P. 55(c).

## III. DISCUSSION

The Fourth Circuit has repeatedly expressed a strong preference to decide claims and defenses on their merits rather than by default. Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). In light of this policy, the Court notices that Defendants submitted an answer on the same day the Clerk of Court entered them into default. (Doc. Nos. 24, 25). The Court also notes that Defendants have yet to respond to Plaintiff's Motion to Strike or otherwise set aside the entry of default. Despite Defendants' lack of response, their answer came just five days after Plaintiffs filed their Motion for Entry of Default. (Doc. No. 23). Plaintiff was not prejudiced by such a short delay in Defendants' response time. Given the unique circumstances, the Court **DENIES** Plaintiff's Motion to Strike Defendants' answer without prejudice and **ORDERS** Defendants to show cause as to why their Answer should not be struck and why default should be set aside.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Strike Defendants' Answer, (Doc. No. 26), is **DENIED without prejudice**; and

2. Defendants are **ORDERED** to show cause as to why Default should be set aside within **two (2) weeks** of the issuance of this order.

Signed: August 21, 2018

Robert J. Conrad, Jr.
United States District Judge