| STATE OF NORTH CAROLINA | IN THE UNITED STATES COURT OF JUSTICE |
| WESTERN DISTRICT | DISTRICT COURT DIVISION |
| | 3:17-cv-00266-RJC-DSC |

| | |
|---|---|
| JEFFREY PODESTA and ) | |
| STREET SEARCH, LLC, ) | |
|   ) | |
|   Plaintiffs, ) | |
|   ) | |
| vs. ) | **DEFENDANT JOHN HANZEL'S,** |
|   ) | **MEMORANDUM OF LAW** |
|   ) | **IN OPPOSITION TO PLAINTIFF'S** |
| JOHN F. HANZEL, ESQUIRE; ) | **MOTION FOR SUMMARY JUDGMENT** |
| JOHN F. HANZEL, P.A. ATTORNEYS AT ) | |
| LAW; ) | |
| JOHN P. SCAFIDI; ) | |
| HONEYWOOD .ENERGY, LLC (formerly. ) | |
| known as Blackwood ) | |
| Energy, LLC); ) | |
| JAYSON COLAVALLA; ) | |
| TONY C. SCOTT; ) | |
| SAMUEL V. WATKINS; also known as ) | |
| WATKINS V. SAMUEL; ) | |
| TALC PROPERTIES FL, LLC; and ) | |
| TALC PRIVATE VENTURES, LLC ) | |
| John Does 1-10 ) | |
|   ) | |
|   Defendants ) | |
|   ) | |

NOW COME Defendants John F. Hanzel, Esq. and John F. Hanzel, P.A. Attorneys at Law (hereinafter collectively known as "Hanzel"), by and through themself, and hereby submit this Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment.

## INTRODUCTION

This case arises out of a closing deal between two parties that never came into fruition. This closing deal was initially supposed to occur in 2013 by and between Plaintiffs and Defendants not including Hanzel. Defendants other than Hanzel were known to be deceptive in terms of deals that they made. These Defendants were mentioned in newspapers and online journals for taking money and never committing to the closings in which they promised. This

1

made headlines across the state of North Carolina, and yet Plaintiffs still fell for the tactics of mentioned Defendants. Plaintiff and mentioned Defendants entered into a deal to have a Closing done, to where Plaintiff received an exorbitant amount of money. Mentioned Defendants then contacted a local attorney with experience in closings to act as their attorney, this attorney was Hanzel. Hanzel was under the impression that this deal was legitimate and that both parties were going to execute on their respective parts. Mentioned Defendants deceived both the Plaintiffs as well as Hanzel. Out of Hanzel's representation of Defendants, Hanzel ended up in a lawsuit that is this action.

## STATEMENT OF FACTS

Jeffrey Podesta ("Podesta"), is an adult individual who resides at 145 Bingham Avenue, Rumson, NJ 07760. Plaintiff is a citizen of New Jersey. Plaintiff, Street Search, LLC ("Street Search"), is a limited liability company registered in New Jersey that is owned by Podesta, with a principal place of business located at 145 Bingham Avenue, Rumson, NJ 07760. "Plaintiff is a citizen of New Jersey. Defendant, John P. Sca~di, is an adult individual who resides at 18033 SW 115 Court, Miami, FL 33187. Upon information and belief, Scafidi is a citizen of Florida. Defendant, John F. Hanzel, Esq. is a licensed North Carolina attorney, with offices at 19425-G Liverpool Parkway, Cornelius, NC 28031. Hanzel is a citizen of North Carolina. John F. Hanzel, P.A. Attorneys at Law is a professional corporation registered in North Carolina with offices at 19425-G Liverpool Parkway, Cornelius, NC 28031. Defendant is a citizen of North Carolina. Collectively, hereinafter: "Hanzel." Defendant, Jayson Colavalla, is an adult individual who resides at 3108 Asheton Grove Court, Winston Salem, NC 27127. Upon information and belief, Colavalla is a citizen of North Carolina. Defendant, Tony C.. Scott ("Scott"),, is an adult individual who resides at 50 Biscayne Boulevard Unit 501, Miami, Florida. Upon information and belief, Scott is a citizen of Florida. Defendant, Samuel V. Watkins, also known as Watkins

2

V. Samuel (hereinafter "Watkins"), is an adult individual who resides at 606 Grantham Lane, Charlotte, NC 28262-1619. Upon information and belief, Watkins is a citizen of North Carolina. Defendant, Honeywood Energy, LLC (formerly known as Blackwood Energy, LLC) (hereinafter "Defendant Company") is a limited liability company registered in North Carolina and, upon information and belief, is owned by Defendants, Scafidi, Colavalla, Scott, and Watkins (collectively, hereinafter "Defendant Company owners") with its principal place of business located at 1.9425-G Liverpool Parkway, Cornelius, NC 28031. Upon information and belief, Defendant. Company is a citizen of North Carolina. Defendant, TALC Properties FL LLC, (hereinafter "TALC Properties"), is a limited liability company registered in the state of Florida, Upon information and belief, Defendant is a citizen of Florida. Defendant, TALC Private Ventures LLC, (hereinafter "TALC Ventures"), is a limited liability company registered in the state of Florida. Upon information and belief, Defendant is a citizen of Florida. Collectively, hereinafter: "TALC." All addresses are to the best of Hanzel's knowledge, while some may be inaccurate, this is all Hanzel could gather about said parties.

Defendant Company owners were continuously engaging in deceptive trade practices. These schemes included big payouts to potential investors in exchange for a lower "investment" fee. This fee would be said to engage in business to return a higher payout to the potential investor. In this case, Plaintiffs invested $300,000 into aforementioned Defendant Company owners in hopes of a $1,500,000 return. Defendant Company owners retained Hanzel to appear more legitimate to Plaintiffs. Hanzel did not know the previous actions of the aforementioned Defendants, and therefore represented them in this closing. This closing fell apart after Plaintiff had already invested their amount promised. Plaintiffs never received their investment back from aforementioned Defendants and therefore are suing to get their money back.

## STANDARD OF REVIEW

Pursuant to well-established North Carolina precedent, in a motion for summary judgment, all facts asserted by the non-movant are presumed to be true. *See, e.g., Norfolk & W. Ry. Co. v. Werner Indus.*, 286 N.C. 89, 209 S.E.2d 734 (1974). Further, all reasonable inferences from the presumed truths are viewed in the light most favorable to the non-moving party. *See, e.g., Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975).

The Court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. R. Civ. P. 56 (emphasis added). "Summary judgment provides a drastic remedy and should be cautiously used so that no one will be deprived of a trial on a genuine, disputed issue of fact." *Koontz v. Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972).

## ARGUMENT

### I. THE STATUTE OF LIMITATIONS HAS EXPIRED ON THE CHARGE OF BREACH OF FEDUCIARY DUTY

Plaintiffs seek Summary Judgment on Hanzel based off of Breach of Fiduciary Duty. The alleged breach occurred in 2013 and this case was filed in 2017. Pursuant to N.C. Gen. Stat.. § 1-52(1) as well as well-established case law, one such case being Trillium Ridge Condo. Ass'n, Inc. v. Trillium Links & Vill., LLC, 236 N.C. App. 478, 764 S.E.2d 203 (2014). This case states "Breach of fiduciary duty claims accrue upon the date when the breach is discovered and are subject to a three year statute of limitations." Since the breach was discovered on April 8, 2013 the Statute of Limitations of three years started on that date. As of April 8, 2016 the time period of three years expired. This action was filed in 2017 and therefore this is a frivolous claim that has no standing. The statute that confirms this Statute of Limitations states "Upon a contract, obligation or liability arising

out of a contract, express or implied, except those mentioned in the preceding sections or in G.S. 1-53(1)." Plaintiffs' alleged breach of fiduciary duty would have arisen from an implied agreement between parties.

## II. PLAINTIFF FAILS TO ESTABLISH CONSPIRACY AND CONSTRUCTIVE FRAUD ON THE PART OF DEFENDANTS. AS WELL AS BOTH OF THESE CLAIMS' STATUTE OF LIMITATIONS HAS EXPIRED.

Plaintiffs have alleged that Hanzel conspired with the other defendants in order to deceive them. One example of Plaintiff's allegation is "on or around February 27, 2013 Hanzel filed an Amendment of Articles of Organization to change Defendant Company's name from Blackwood Energy LLC to Honeywood Energy LLC with the North Carolina Secretary of State." This allegation is unfounded due to the fact that the Secretary of State is public record, if Plaintiff were to have checked at any time they would know that the company name had changed. Plaintiffs have also alleged that Hanzel conspired with other Defendants because Defendants were well known con men. Plaintiff states that Hanzel never disclosed to them this information and therefore has conspired. Hanzel was under no legal or ethical obligation to either know that information, nor to disclose that information to the Plaintiffs.

Pursuant to well-established case law, as well as North Carolina law, the Statute of Limitations for Civil Conspiracy, as well as constructive fraud, has expired. Carlisle v. Keith, 169 N.C. App. 674, 685, 614 S.E.2d 542, 549 (2005) states "This Court has applied the three-year limitations period of N.C. Gen.Stat. § 1–52(5) to a civil conspiracy claim."

5

## CONCLUSION

Plaintiffs have not only failed to state proper reasoning behind their claims, but have also brought their suit outside of the allotted Statute of Limitations. Accordingly, for the reasons discussed more particularly herein, Plaintiff's Summary Judgment shall be denied, and moreover, this case be dismissed with prejudice.

This the _____ day of August, 2018.

_____
John F. Hanzel
N.C. Bar. No. 6186
19425-G Liverpool Parkway
Cornelius, NC 28031
Telephone: (704) 892-1375
Fax: (704) 892-5784
E-mail: jfh@hanzellaw.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney do hereby certify that I have served all parties in this action with a copy of the document(s) identified below:

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

By the following means:

    __X__ By mailing a copy of the same by United States Mail, postage prepaid, to the address(es) listed below.

    __X__ By fax transmittal to the number(s) identified below.

    _____ By overnight mail to the address(es) identified below.

    _____ By hand delivery to the address(es) identified below.

> Matthew B. Weisburg, Esq.
> Weisberg Law
> 7 S. Morton Ave.
> Morton, PA 19070
> Tel: 610-690-0801
> Fax: 610-690-0880

This the ___ day of August, 2018.

> John F. Hanzel
> N.C. Bar. No. 6186
> John F. Hanzel, P.A.
> 19425-G Liverpool Parkway
> Cornelius, NC 28031
> (704) 892-1375
> (704) 892-5784 (fax)