UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00266-RJC-DSC

| | |
|---|---|
| JEFFREY PODESTA and STREET SEARCH, LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     <u>ORDER</u><br>) |
| JOHN F. HANZEL and JOHN F. HANZEL, P.A. ATTORNEYS AT LAW, | )<br>)<br>) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Defendants' response to the Court's show cause order. (Doc. No. 28.)

I. **BACKGROUND**

Plaintiffs filed their complaint on May 18, 2017, (Doc. No. 1), and an amended complaint on September 12, 2017, (Doc. No. 20).

On October 20, 2017, Plaintiffs filed a motion for entry of default against Defendants based on their failure to plead or otherwise defend. (Doc. No. 23.) On October 25, 2017, Defendants filed their answer to Plaintiffs' amended complaint. (Doc. No. 24.) Shortly thereafter on that same day, the Clerk of Court entered default against Defendants. (Doc. No. 25.)

On November 8, 2017, Plaintiffs moved to strike Defendants' answer, arguing that Defendants' answer was improper because default had been entered against Defendants. (Doc. No. 26.)

On August 21, 2018, the Court entered an order denying without prejudice

Plaintiffs' motion to strike and ordering Defendants to show cause as to why their answer should not be stricken and why default should be set aside. (Doc. No. 27.) Defendants timely responded to the Court's order. (Doc. No. 28.)

## II. LEGAL STANDARD

"Rule 55(a) of the Federal Rules of Civil Procedure allows the clerk of court to enter a default against a party if the party 'has failed to plead or otherwise defend' a case filed against him." United States v. Smith, 212 F.R.D. 480, 481 (M.D.N.C. 2002) (quoting Fed. R. Civ. P. 55(a)). Under Rule 55(c), a district court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, 616 F.3d 413, 417 (4th Cir. 2010). Accordingly, the Fourth Circuit has stated that "Rule 55(c) motions must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Id. at 421 (quotation marks omitted).

## III. DISCUSSION

The Court concludes that good cause exists to set aside the entry of default against Defendants. Defendants filed their answer to the amended complaint five days after Plaintiffs filed their motion for entry of default but before the Clerk of Court entered default. As Defendants had responded to the amended complaint before the Clerk of Court entered default, entry of default was improper. See Fed. R. Civ. P. 55(a) (stating that default must be entered when a party "has failed to plead

2

or otherwise defend"); Gass v. Nguyen, No. 3:19-cv-197, 2020 U.S. Dist. LEXIS 29888, at *1, *4 (W.D.N.C. Feb. 21, 2020) (denying motion for entry of default because defendant answered the complaint eighteen days after plaintiff filed the motion for entry of default). Therefore, the Court sets aside the entry of default against Defendants. (Doc. No. 25.)

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the entry of default against Defendants, (Doc. No. 25), is **SET ASIDE**. It is further ordered that **within fourteen (14) days** of the date of this Order, the parties shall conduct an Initial Attorney's Conference and thereafter file the Certificate of Initial Attorney's Conference in accordance with Local Rule 16.1.

Signed: August 5, 2020

Robert J. Conrad, Jr.
United States District Judge